IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TRISTAN WOOD,

                Plaintiff,

v.                                    CIVIL ACTION NO.   3:13-21079

C.O. HARSHBARGER, individually and in
his official capacity as a correctional officer
of the West Virginia Regional Jail and
Correctional Facility Authority, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss (ECF No. 5) of Defendants West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") and Correctional Officers ("C.O.s") Harshbarger, Raines, McComas, Ryder, Franklin, Williams, and Farrell—in their official capacities only. For the reasons stated below, this Motion is **GRANTED in part**, **DENIED in part**, and the Court **RESERVES** judgment in part. The Court dismisses claims 1-6 (as alleged on page 1 and in ¶¶ 12, 22-24 and 41(e) of the Complaint) against Defendant WVRJCFA and Defendant C.O.s in their official capacities. The Court further dismisses claims 18-19 (as alleged in ¶¶ 33(a)-(b) and 41(c) of the Complaint), 22 (as alleged in ¶¶ 33(f) and 41(c) of the Complaint), 23 (as alleged in ¶¶ 33(g) and 41(c) of the Complaint), and 26 (as alleged in ¶ 41(c) of the Complaint) in their entirety.

The Court reserves judgment regarding claims 27-30 and **DIRECTS** Plaintiff to file a Supplemental Response to Defendants' Motion to Dismiss which clearly lays out each of the four

claims under the West Virginia Constitution on which the Court has not yet ruled (claims 27-30), the precise source for each claim in the West Virginia Constitution, relevant case law supporting each claim, and argument connecting the case law to Plaintiff's case. This Supplemental Response is due within 14 days of the date of this Order. No extensions will be granted. Defendants may file a Supplemental Reply within 7 days of Plaintiff's filing.

## I.  Statement of Facts

Plaintiff commenced this action in the Circuit Court of Cabell County, West Virginia, seeking damages, attorney's fees, and costs from C.O.s Harshbarger, Raines, McComas, Ryder, Franklin, Williams, and Farrell—each individually and in his official capacity as a correctional officer of the WVRJCFA—, the WVRJCFA, and John Doe(s), for alleged physical abuse of Plaintiff by Defendant C.O.s while Plaintiff was incarcerated at Western Regional Jail ("WRJ").

Specifically, Plaintiff alleges that Defendants Harshbarger, Ryder, Raines, and McComas "physically assaulted, physically abused and severely beat Plaintiff on the grounds of WRJ in 2011"; that Defendants Harshbarger and Franklin "physically assaulted, physically abused and severely beat Plaintiff on the grounds of WRJ" in August 2012; and that Defendants Harshbarger, McComas, Farrell, and Williams "physically assaulted, physically abused and severely beat Plaintiff on the grounds of WRJ" in October 2012. Compl. ¶ 27, ECF No. 1, Ex. 1. Plaintiff further alleges that, "upon information and belief, Defendants [WVRJCFA] and Doe conspired with [Defendant C.O.s] and allowed the abuses and beatings to occur." *Id.* Plaintiff alleges a "continuing practice and pattern of severe physical abuse . . . [of] inmates . . . [by] correctional officers" and "deliberate indifferen[ce]," "tacit approval," and a "conspiracy to conceal such misconduct" by "supervisory personnel" and other WRJ personnel, including C.O. Defendants and other "individuals who were employed by [Defendant WVRJCFA]," with such other

individuals collectively referred to as "Defendant[s] Doe." *Id.* ¶¶ 3, 4. Further, Defendants WVRJCFA and Doe "conspired with, aided and abetted, acted as a lookout, served as an accessory before and after the fact and acted as a principle [sic]" in the physical abuse of Plaintiff and/or "negligently hired, . . . retained, . . . failed to train, [and/or] . . . failed to properly supervise" Defendant C.O.s and "negligently failed to intervene and protect Plaintiff." *Id.* ¶¶ 6, 9-11, 13-19. All Defendants are alleged by Plaintiff to have been members of a conspiracy, the purpose of which was to avoid criminal investigation "as to the sexual exploitation[1] of Plaintiff" by Defendant C.O.s. *Id.* ¶ 38. Plaintiff alleges that, due to the alleged physical beatings, s/he[2] incurred "no less than $30,000.00 in medical expenses;" sustained "permanent, life-altering" and "cosmetic injuries;" and "has suffered" anxiety, humiliation, "annoyance and inconvenience," "extreme pain and suffering," "mental anguish," and the loss of his/her "ability to enjoy life." *Id.* ¶¶ 27, 35.

Plaintiff's Complaint is poorly organized and filled with sloppy mistakes. Contrary to the dictate of Federal Rule of Civil Procedure 8, the Complaint is not comprised of "short and plain statement[s]." Instead, Plaintiff jumbles numerous causes of action under numerous counts, only including a sprinkling of factual predicate somewhere in the middle. Given that some counts in the Complaint appear not to state any claim and that others assert up to seventeen potential claims, the Court will deal with each potential *claim* individually—instead of the common course of dealing with each *count* individually—in assessing Defendants' Motion to Dismiss. Plaintiff asserts the following claims[3]:

---

[1] This is the sole allegation of sexual exploitation in the Complaint.
[2] The Complaint uses both male and female pronouns to describe Plaintiff. *See, e.g.*, Compl. ¶¶ 23, 25. The gender-determination issue continues in Plaintiff's Response to Defendants' Motion to Dismiss. *See, e.g.*, Pl.'s Resp. to Mot. to Dismiss at 4 ("In his pleadings, Plaintiff asserts violations of her rights . . . .").
[3] In his/her Complaint, Plaintiff states that the claims s/he is asserting include "other statutory and common law causes of action" and "private causes of action per West Virginia state and common law." Compl. ¶ 33(i) & (j). Since these phrases do not assert any specific claims, they are not considered here.

1. Violations of Plaintiff's "right to be secure" in his/her "person and to his[/her] bodily integrity" under the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 23, 41(e));

2. Violations of the Eighth Amendment of the U.S. Constitution's prohibition against "cruel and unusual punishment," pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 12, 22, 41(e));

3. Violations of Plaintiff's "right to bodily privacy" under the Ninth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 23, 41(e));

4. Violations of Plaintiff's "liberty interests" and "bodily integrity" under the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 24, 41(e));

5. Violations of Plaintiff's "right to equal protection of law . . . and [right to] be protected from discrimination" by the WVRJCFA under the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 24, 41(e));

6. Violations of Plaintiff's "right to due process" under the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983 (*Id.* at 1 & ¶¶ 24, 41(e));

7. Negligent hiring—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 6, 9-11, 13, 15, 19, 33(i), 41(a));

8. Negligent retention—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶ 6, 9-11, 13, 15, 19, 31, 33(i), 41(a));

9. Negligent staffing—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 9-11, 13, 15, 31, 33(i));

10. Negligent "failure to train"—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 6, 9-11, 13, 15, 16, 18, 19, 33(i), 41(a));

11. Negligent "fail[ure] to properly supervise" Defendant C.O.s—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 6, 9-11, 13, 15, 16, 19, 31, 33(i), 41(a));

12. Negligent failure to intervene to protect Plaintiff—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 6, 9-11, 13,15, 19, 31, 33(i), 41(a));

13. Negligent failure to "provide a reasonably safe facility"—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 9-11, 13, 15, 33(i));

14. Negligent "failure to take reasonable measures to prevent the unlawful conduct" of Defendant C.O.s—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶¶ 6, 9-11, 13, 15, 16, 18, 19, 31, 33(i), 41(a));

15. Grossly negligent "maint[enance] of WRJ"—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶ 14);

16. Grossly negligent behavior in "allowing the placement of . . . Plaintiff [at] WRJ in the presence of [Defendant C.O.s]"—asserted against Defendants WVRJCFA and Doe only (*Id.* ¶ 17);

17. Intentional infliction of emotional distress (*Id.* ¶¶ 27, 28, 33(e));

18. "Tort of harassment" (*Id.* ¶¶ 33(a), 41(c));

19. "Tort of unwelcome touching of [Plaintiff's] person" (*Id.* ¶ 33(b));

20. Civil battery (*Id.* ¶ 33(c));

21. Civil assault (*Id.* ¶ 33(d));

22. "Tort of outrageous and atrocious conduct" (*Id.* ¶¶ 33(f), 41(c));

23. Invasion of Plaintiff's right to privacy (*Id.* ¶¶ 33(g), 41(c));

24. "Tort of civil conspiracy" (*Id.* ¶¶ 33(h), 37-39);

25. "Respondeat [s]uperior, [l]aw of [a]gency" (*Id.* ¶ 41(b));

26. Negligent infliction of emotional distress (*Id.* ¶ 41(c));

27. Violations of Plaintiff's "privacy rights and . . . bodily integrity" under Articles 3-1 and 3-3 of the West Virginia Constitution (*Id.* ¶ 41(d));

28. Violations of Plaintiff's "right to be secure in his person and to his bodily integrity" under Article 3-6 of the West Virginia Constitution (*Id.* ¶ 41(d));

29. Violations of Plaintiff's right to due process under Article 3-10 of the West Virginia Constitution (*Id.* ¶ 41(d));

30. Violations of Plaintiff's liberty interests under Article 3-10 of the West Virginia Constitution (*Id.* ¶ 41(d)); and

31. Violations of Plaintiff's "right to be free from cruel and unusual punishment" under Article 3-5 of the West Virginia Constitution (*Id.* ¶ 41(d)).

Defendants removed this case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Less than a week later, Plaintiff filed a Motion to Remand and Defendant WVRJCFA and Defendant C.O.s in their official capacity filed the pending Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Remand was denied, and the Motion to Dismiss remains.

Plaintiff's Response, ECF No. 10, and Defendants' Reply, ECF No. 11, have both been filed, and the Motion to Dismiss is now ripe for resolution.

## II.  Standard

When considering a motion to dismiss, a court should 1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . .," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then 2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the factual allegations in the complaint as true, and the complaint must be viewed in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III.   Motion to Dismiss

In their Memorandum of Law in Support of Motion to Dismiss, Defendants argue that:

1. The constitutional claims brought pursuant to 42 U.S.C. § 1983 cannot be brought against the WVRJCFA and Defendant C.O.s in their official capacity, since they are not "persons" under § 1983 (Mem. in Supp. of Mot. to Dismiss at 3-4, ECF No. 6);

2. The WVRJCFA cannot be held liable under § 1983 via a theory of vicarious liability—including *respondeat superior*—for any unconstitutional conduct of its subordinates (*Id.* at 3);

3. The claims brought under the West Virginia Constitution are insufficiently supported by factual allegations (*Id.* at 4-5);

4. Plaintiff's claims for the torts of harassment, unwelcome touching, civil battery, civil assault, invasion of privacy, outrage, and negligent infliction of emotional distress are insufficiently supported by factual allegations (*Id.* at 5-8);

5. In the alternative, any claim of invasion of privacy which occurred in 2011 is barred by a one year statute of limitations (*Id.* at 7);

6. "Civil conspiracy" is not a stand-alone cause of action (*Id.* at 8); and

7. Negligence claims cannot be brought against a state agency or its employees under qualified or official immunity (*Id.* at 8-9).

Plaintiff filed a nearly incomprehensible Response, which was over the page limit[4] and which included factual allegations[5] and claims[6] not asserted in the Complaint. Claims must be made in the pleadings to have legal effect, and no supplemental facts will be considered by the Court in resolving this Motion to Dismiss.[7] *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,

---

[4] "[A] memorandum of not more than 20 pages in length may accompany any . . .  motion . . . . Any response and reply memoranda shall adhere to the same page limitation." S.D. W. Va. Local R. P. 7.1(a)(2). Plaintiff also did not file his/her Motion to Extend Time to Respond to Defendants' Motion to Dismiss until 20 days after his/her Response was due.

[5] *See, e.g.*, Pl.'s Resp. to Mot. to Dismiss at 2, ECF. No. 10 ("Plaintiff suffered extensive injuries to his body, including . . . his upper mandible [sic] being separated from his lower mandible . . . ."). Plaintiff also claims that some facts are alleged in his Complaint which, in fact, are not: "In his Complaint, Plaintiff does refer to a 'pattern of deliberate indifference [at WRJ] between 2004 and 2012.'" *Id* at 4 (brackets in original). This "quotation" does not exist in the Complaint.

[6] For instance, Plaintiff claims that s/he seeks relief under Article III, Section 2, of the West Virginia Constitution. *Id.* at 3. This section is not referenced in the Complaint.

[7] "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable

637 F.3d 435, 449 (4th Cir. 2011) ("[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion.").

Plaintiff argues in his/her Response that:

1. "Unlike 42 U.S.C. § 1983 actions where the theory of *respondeat superior* doctrine does not apply, no corresponding authority prohibits vicarious liability claims against [Defendant WVRJCFA]" (Pl.'s Resp. to Mot. to Dismiss at 3, ECF. No. 10);

2. There are sufficient facts alleged in the Complaint in support of Plaintiff's harassment, unwelcome touching, civil battery, and civil assault claims to survive a motion to dismiss and, further, "this issue is clearly for the finder of fact to determine"[8] (*Id.* at 5);

3. The elements for the claims of outrage and negligent infliction of emotional distress will be "prove[n]" through "the discovery phase" and, further, "this is an issue for the trier of fact"[9] (*Id.*);

4. Discovery will prove that a civil conspiracy existed[10] (*Id.* at 5-6); and

5. Regarding the negligence claims: a "special relationship" existed between Plaintiff and Defendant WVRJCFA—or the question of whether one existed is to be resolved by the trier of fact—,[11] no administrative functions were involved, Plaintiff can present evidence

---

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). This case has not progressed to the point where a motion for summary judgment is appropriate, and Defendants have not relied upon outside facts in their Motion to Dismiss or their Reply. The Court will not convert this motion to one for summary judgment and consider matters outside of the pleadings. Plaintiff should have included all factual allegations s/he wished to assert in the Complaint.

[8] The assertion that the "finder of fact" should be ruling on this standard issue in a 12(b)(6) Motion to Dismiss is entirely contrary to established law. Resolution of a motion to dismiss for failure to state a claim upon which relief can be granted, by definition, involves no fact finding. The movant seeks to challenge the *legal* sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

[9] A major purpose of a 12(b)(6) motion is to dispose of an inadequately supported claim before undergoing the cost of discovery. *See Bell Atl. Corp.*, 550 U.S. at 557-58. The issue in a 12(b)(6) motion to dismiss is not whether the elements of each claim are *proven*; it is whether each claim is supported by enough factual detail in the Complaint to be considered plausible. Again, the "finder of fact" is irrelevant to the resolution of a 12(b)(6) motion.

[10] Plaintiff's argument here is wholly unresponsive to Defendants' argument for dismissal of this claim. As such, it will be ignored by this Court.

[11] As explained in *Lavender v. West Virginia Regional Jail and Correctional Facility Authority*, Plaintiff's argument that qualified immunity does not apply because the relationship between Plaintiff and the WVRJCFA is a "special" one which creates an exception to the "public duty" doctrine confuses the issue:

> [I]mmunity and the public duty doctrine, with the special relationship exception, are distinct concepts. . . . The public duty doctrine basically provides that a breach of a general duty owed by the local governmental entity to the public as a whole, such as to provide police protection, is not actionable. The special relationship exception to this doctrine applies when the public body owes a duty to a private person, which is in addition to and apart from any duty owed the public in general.
> . . . [E]ven if Plaintiff could successfully argue that his situation fits within the special relationship exception, he is still left with negligence claims . . . which are barred by [qualified] immunity . . . .

No. CIV. A. 3:06-1032, 2008 WL 313957, at *9 (S.D. W. Va. Feb. 4, 2008).

showing a "genuine issue of material fact,"[12] and the West Virginia legislature has abolished any immunity from suit that the WVRJCFA may have had[13] (*Id.* at 6-22).

Plaintiff also apparently concedes to Defendants that any invasion of privacy claim older than one year prior to the filing of this action is barred by the statute of limitations: "The Complaint in this matter was filed on May 29, 2013. To that end, [Plaintiff's] claim of Invasion of Privacy in regard to any instances after May 29, 2012 [sic] was timely filed." *Id.* at 4. Finally, Plaintiff "requests that each individual Defendant be afforded separate counsel."[14]

Defendants timely filed their Reply to Plaintiff's Response. Additional arguments were included in their Reply:

1. Plaintiff does not dispute that his/her § 1983 claims against the WVRJCFA and Defendant C.O.s in their official capacities fail as a matter of law; this failure to respond is "determinative of the issue"[15] (Defs.' Reply to Pl.'s Resp. to Mot. to Dismiss at 1);

2. Plaintiff's claims under the West Virginia Constitution must be judged under a "heightened pleading standard" because "immunities are implicated," and Plaintiff has not met this burden[16] (*Id.* at 2);

---

[12] Plaintiff confuses the standard applicable to the resolution of Rule 12(b)(6) motions with that of summary judgment motions under Rule 56.

[13] In support of this last contention, Plaintiff cites West Virginia Code § 31-20-5(g): "The [WVRJCFA], as a public corporation and governmental instrumentality exercising public powers of the state, may exercise all powers necessary or appropriate to carry out the purposes of this article, including, but not limited to, the power . . . to sue and be sued, implead and be impleaded, and complain and defend in any court." This is mere general authorization that the WVRJCFA may sue and be sued; it is not a waiver of otherwise valid qualified immunity.

[14] The response to a motion to dismiss is not the proper vehicle for such a request. Should Plaintiff wish to pursue this request further, s/he must proactively file an appropriate motion.

[15] Defendants appear to construe Plaintiff's poorly written, unresponsive response on this point to be a concession. The Court disagrees. The Plaintiff did not clearly concede this point to Defendants. Further, even had Plaintiff not responded to Defendants' arguments in its Motion to Dismiss *at all*, the Court may still be under an obligation to substantively examine each of Defendants' arguments in turn, rather than simply dismissing the case: "Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than filing an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law." *Mabutol v. Fed. Home Loan Mortg. Corp.*, No. 2:12CV406, 2013 WL 1287709 (E.D. Va. Mar. 25, 2013) (citing *Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010); *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003); and *Vega–Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003)).

[16] Defendants' reliance on *Hutchison v. City of Huntington*, 479 S.E.2d 649 (W. Va. 1996), as support for this contention is misplaced. In *Hutchison*, the West Virginia Supreme Court of Appeals states that "[a] plaintiff is not required to anticipate the defense of immunity in his complaint" and holds that "a trial court may, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity . . . where the defendant demonstrates that greater detail might assist an early resolution of the dispute . . . ." 479 S.E.2d at 660. This is *Hutchison*'s "heightened pleading" standard. Given that Defendants' Motion to Dismiss does not even assert an immunity defense in regard to the West Virginia Constitution claims, *Hutchison*'s "heightened

3.  All of Plaintiff's negligence claims against Defendant WVRJCFA qualify as discretionary duties and are, thus, barred by qualified immunity (*Id.* at 6-8); and

4.  Even if Plaintiff can successfully argue that his situation fits within the special relationship exception to the public duty doctrine, his/her negligence claims are still barred by qualified immunity (*Id.* at 9).

Defendants also respond to Plaintiff's request that each Defendant be afforded different counsel, but as stated earlier, the Court is not entertaining this improperly raised request unless and until Plaintiff files an appropriate motion.

### A.  *Claims under the U.S. Constitution raised pursuant to 42 U.S.C. § 1983*

Defendants argue that the constitutional claims brought pursuant to 42 U.S.C. § 1983 cannot be brought against the WVRJCFA and Defendant C.O.s in their official capacities, since they are not "persons" under § 1983.

Section 1983 allows for the assertion of a claim against any "person" who, acting under color of state law, "depriv[ed] [another person] of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The Supreme Court has held that a "person" suable for *damages* under § 1983 does not include a state agency or a state official sued in his/her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state official may be sued in his/her individual capacity even when the claim arose out of the official's official responsibilities, or an official may be sued in his/her official capacity if s/he is being sued for prospective relief. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will*, 491 U.S. at 71 n.10.

This case falls squarely within the category of attempted § 1983 actions which cannot be brought under the statute. The WVRJCFA is a state agency, so no § 1983 action can be brought against it. *See Edwards v. State*, No. 2:00-0775, 2002 WL 34364404, at *5 (S.D. W. Va. Mar. 29, 2002). Defendant C.O.s, in their capacities as WVRJCFA officials, are state officials; therefore,

pleading" standard is wholly inapplicable to these claims.

they also cannot be sued under § 1983. *Id.* Thus, claims 1-6 are dismissed against Defendant WVRJCFA and Defendant C.O.s in their official capacities.[17]

### B. *Claims under the West Virginia Constitution*

Defendants argue that the claims Plaintiff asserts under the West Virginia Constitution are insufficiently supported by factual allegations.

#### i. *Violations of Plaintiff's "right to be free from cruel and unusual punishment" under Article 3-5 of the West Virginia Constitution*

In *Harrah v. Leverette*, the West Virginia Supreme Court of Appeals held that "Article III, [Section] 5 of the West Virginia Constitution, prohibits state prison administrators and correctional officers from using physical force on inmates, absent imminent and present danger of harm to others, themselves or state property" and that "inflicting physical force absent an existing riot, is cruel and unusual punishment." 271 S.E.2d 322, 330-31 (W. Va. 1980). In *State ex rel. K. W. v. Werner*, the court specified, "Punitive practices such as . . . beating . . . or otherwise physically abusing [a prisoner] . . . is cruel and unusual punishment forbidden by the state constitution [under Article III, § 5]." 242 S.E.2d 907, Syl. Pt. 3 (W. Va. 1978). Further, "a state . . . . must be responsible for . . . violence visited upon inmates by its employees. In determining whether to grant relief, the court should ascertain: (1) whether there is a pervasive risk of harm to inmates . . . , and, if so, (2) whether the officials are exercising reasonable care to prevent prisoners (or guards) from intentionally harming others or from creating an unreasonable risk of harm." *Harrah*, 271 S.E.2d at 328-29 (internal quotation marks omitted).

Plaintiff asserts that s/he was "severely beat[en]" by varying groupings of the seven Defendant C.O.s across three occasions, spanning at least ten months' time. Compl. ¶ 27. Plaintiff

---

[17] Given the dismissal of the § 1983 claims against these Defendants, their supplemental argument that the WVRJCFA cannot be held liable under § 1983 via a theory of vicarious liability—including *respondeat superior*—for any unconstitutional conduct of its subordinates need not be reached.

further asserts a "continuing practice and pattern of severe physical abuse . . . [of] *inmates*." *Id.* ¶ 4 (emphasis added). Defendants make much of the Complaint's lack of detail regarding each of the beatings. *See, e.g.*, Mot. to Dismiss at 5. The Court is unconvinced. If Plaintiff referred only in a conclusory fashion to "abuse" of some sort, that would arguably be a "mere conclusion"; however, the phrase "severely beat[en]"—in conjunction with the specific dates alleged, the named perpetrators, and the location—is much more clearly a factual allegation. Further, Plaintiff's own group beatings by C.O.s, together with allegations of a continuing pattern of severe physical abuse of other inmates, plausibly allege a pervasive risk of harm to inmates at WRJ and a lack of reasonable care on the part of WVRJCFA officials in preventing WRJ guards from intentionally harming prisoners. The Court finds that Plaintiff sufficiently pleads factual content that allows the Court to draw the reasonable inference that Defendants are liable for violations of Plaintiff's "right to be free from cruel and unusual punishment" under Article III, § 5 of the West Virginia Constitution.[18] As such, claim 31 survives Defendants' Motion to Dismiss.

  *ii.  Remaining claims under the West Virginia Constitution*

Plaintiff also asserts the following four claims under the West Virginia Constitution:

  i.  Violations of Plaintiff's "privacy rights and . . . bodily integrity" under Articles 3-1 and 3-3 of the West Virginia Constitution;

  ii.  Violations of Plaintiff's "right to be secure in his person and to his bodily integrity" under Article 3-6 of the West Virginia Constitution;

  iii.  Violations of Plaintiff's right to due process under Article 3-10 of the West Virginia Constitution; and

  iv.  Violations of Plaintiff's liberty interests under Article 3-10 of the West Virginia Constitution.

---

[18]  The Court notes that Plaintiff requests damages in this case. The Court is not reviewing whether Plaintiff requests the proper remedy for this claim. When assessing a 12(b)(6) motion, "it need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (emphasis in original); *see also Prudential-Bache Sec., Inc. v. Cullather*, 678 F. Supp. 601, 604 (E.D. Va. 1987).

-12-

Given that these are not common claims and that it is unclear precisely how Plaintiff asserts each claim, the Court directs Plaintiff to file a Supplemental Response to Defendants' Motion to Dismiss which clearly lays out each of the four claims under the West Virginia Constitution on which the Court has not yet ruled (claims 27-30), the precise source for each claim in the West Virginia Constitution, relevant case law supporting each claim, and argument connecting the case law to Plaintiff's case. This Supplemental Response is due within 14 days of the date of this Order. No extensions will be granted. Defendants may file a Supplemental Reply within 7 days of Plaintiff's filing. The Court will rule on these claims after receipt of Plaintiff's Supplemental Response and Defendants' Supplemental Reply, if any.

### C. Tort claims

Defendants argue that Plaintiff's claims for the torts of harassment, unwelcome touching, civil battery, civil assault, invasion of privacy, outrage, and negligent infliction of emotional distress are insufficiently supported by factual allegations. Defendants also claim no knowledge of West Virginia case law which supports tort causes of action for harassment or unwelcome touching.

#### i. *Harassment and unwelcome touching claims*

Plaintiff's claims of "harassment" and "unwelcome touching" do not appear to exist as stand-alone claims in West Virginia tort law. These words appear in descriptions of employment discrimination or sexual harassment claims, but Plaintiff has not asserted such claims.[19] Therefore, claims 18 and 19 are dismissed against all Defendants.[20]

---

[19] Even if Plaintiff had asserted a sexual harassment claim, his/her only mention of anything sexual in the Complaint appears when s/he asserts that a purpose of the conspiracy to deny Plaintiff his/her rights was to avoid investigation of the "sexual exploitation" of Plaintiff by the Defendant C.O.s. The phrase "sexual exploitation" is conclusory, so it could not alone support a plausible claim for relief.

[20] "A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also NC Contracting, Inc. v. Munlake Contractors, Inc.*, No.

### ii. Civil battery and assault claims

"An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *W. Va. Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 494 (W. Va. 2004) (quoting Restatement (Second) of Torts § 13 (1965)); *see also Hutchinson v. W. Va. State Police*, 731 F. Supp. 2d 521, 547 (S.D. W. Va. 2010), *aff'd sub nom. Hutchinson v. Lemmon*, 436 F. App'x 210 (4th Cir. 2011). The Court finds Plaintiff's allegations of being "severely beat[en]" by the seven Defendant C.O.s sufficiently plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for civil battery. Compl. ¶ 27. Thus, claim 20 survives this Motion to Dismiss.

"An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Stanley*, 602 S.E.2d at 495 (quoting Restatement (Second) of Torts § 21 (1965)); *see also Hutchinson*, 731 F. Supp. at 547. Though the Complaint never states that Defendant C.O.s placed him/her in "imminent apprehension" on all or some of the three incidents, Plaintiff is "not require[d] . . . to prove his case in the complaint." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012). The Court uses "its judicial experience and common sense" to determine what reasonable inferences can be drawn from the Complaint's factual allegations. *Iqbal*, 556 U.S. at 679. Here, given Plaintiff's incarceration, the multiple beatings, and the Complaint's assertion that Plaintiff suffered "severe emotional distress," "anxiety, past and

---

5:11-CV-766-FL, 2012 WL 5303295, at *8 n.9 (E.D.N.C. Oct. 25, 2012). The harassment and unwelcome touching "claims" here are asserted against all Defendants. They remain nonexistent when asserted against Defendant C.O.s in their individual capacities, so these two claims are dismissed against all Defendants.

future," and "mental anguish," it is plausible that Plaintiff suffered imminent apprehension on each occasion when s/he was battered. Compl. ¶¶ 28, 35. Thus, the Court finds that the Complaint pleads factual content that allows the Court to draw the reasonable inference to support a claim for civil assault, and claim 21 survives this Motion to Dismiss.

    *iii.  Invasion of privacy claim*

    Four different types of invasion of privacy claims can be brought in West Virginia: "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." *Benson v. AJR, Inc.*, 599 S.E.2d 747, Syl. Pt. 3 (W. Va. 2004) (quoting *Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70, Syl. Pt. 8 (W. Va. 1984)) (internal quotation marks omitted). The latter three types of invasion of privacy claims do not apply to the facts of this case, so the Court assumes that Plaintiff's invasion of privacy claim is for an unreasonable intrusion upon the seclusion of another.

    "Unreasonable intrusion upon another's seclusion occurs when '[o]ne . . . intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, . . . if the intrusion would be highly offensive to a reasonable person.'" *Harbolt v. Steel of W. Va., Inc.*, 640 F. Supp. 2d 803, 817 (S.D. W. Va. 2009) (quoting Restatement (Second) of Torts § 652B). "The defendant is subject to liability . . . only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." Restatement (Second) of Torts § 652B cmt. c (1977). There is no indication in the facts alleged in the Complaint that Defendants invaded a private place or private seclusion of Plaintiff. The facts alleged do not fit the claim. Therefore, claim 23 is dismissed against all Defendants.[21]

---

[21]  The Court need not address Defendants' alternate argument that any assault that took place in 2011 would be barred under the one-year statute of limitations applicable to invasion of privacy claims.

### iv. Outrage claim

In West Virginia, the tort of outrage and the tort of intentional infliction of emotional distress are, together, one claim. *See Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 424 (W. Va. 1998). Thus, claim 22—"[t]ort of outrageous and atrocious conduct"—merges into claim 17—intentional infliction of emotional distress. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id.* at Syl. Pt. 2 (internal quotation marks omitted).

> In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Id.* at Syl. Pt. 3. Given the factual allegations of multiple severe beatings in the Complaint, the Court finds that the Complaint pleads sufficient factual content to allow the Court to draw the reasonable inference that Defendants are liable for the tort of outrage / intentional infliction of emotional distress. Thus, claim 17 survives this Motion to Dismiss, and claim 22 is dismissed as duplicative of claim 17.

### v. Negligent infliction of emotional distress claim

West Virginia currently recognizes two types of negligent infliction of emotional distress: 1) emotional distress based upon the fear of contracting a disease, and 2) emotional distress based upon "witnessing a person closely related to the plaintiff suffer critical injury or death." *Marlin v. Bill Rich Constr., Inc.,* 482 S.E.2d 620, 653 (W. Va. 1996); *Heldreth v. Marrs*, 425 S.E.2d 157,

161 (W. Va. 1992). Neither type applies to the facts of this case. Therefore, claim 26 is dismissed against all Defendants.

### D. Civil conspiracy claim

Defendants argue that "civil conspiracy" is not a stand-alone cause of action and quote *Dunn v. Rockwell*, 689 S.E.2d 255 (W. Va. 2009), in support. In *Dunn,* the West Virginia Supreme Court of Appeals held that "civil conspiracy is not a *per se,* stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." *Id.* at Syl. Pt. 9 (emphasis in original). However, in *Croye v. GreenPoint Mortgage Funding, Inc.*, the U.S. District Court noted,

> The language in *Dunn* does not suggest that civil conspiracy is not a permissible cause of action generally. It simply states that it is not a claim that can stand alone without claims for the underlying torts. . . . Significantly, *Dunn* did not result in the dismissal of the civil conspiracy claim for failure to state a cognizable cause of action. Rather, the court assigned the applicable statute of limitations for the underlying tort claims to the civil conspiracy claim in order to determine whether it was time barred.

740 F. Supp. 2d 788, 799 (S.D. W. Va. 2010). As in *Croye*, Plaintiff pleads at least one substantive claim in addition to the civil conspiracy claim—including the civil battery and assault claims which survive Defendants' Motion to Dismiss. Thus, claim 24 also survives this Motion to Dismiss.[22]

### E. Negligence claims

Defendants argue that negligence claims cannot be brought against a state agency or its employees under qualified or official immunity, and thus, all negligence claims brought against Defendants WVRJCFA and Defendant C.O.s in their official capacities must be dismissed. The

---

[22] Defendants do not argue that Plaintiff's civil conspiracy claim is based upon conclusory allegations or that it is not plausible. Thus, the Court does not enter into that discussion here.

Court notes that all negligence claims were brought only against Defendants WVRJCFA and Doe, so a dismissal of any negligence claim against these Defendants will result in the dismissal of the entire claim.

In *Clark v. Dunn*, the West Virginia Supreme Court of Appeals held that "[i]n the absence of an insurance contract waiving the defense,[23] the doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act . . . and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer." 465 S.E.2d 374, Syl. Pt. 6 (W. Va. 1995). In *Hess v. West Virginia Division of Corrections*, the court expanded upon this holding: a state agency "is immune under common law tort principles for acts or omissions in the exercise of a legislative or judicial function and for the exercise of an administrative function involving the determination of fundamental governmental policy." 705 S.E.2d 125, 130 (W. Va. 2010) (internal quotation marks omitted). Thus, "analysis turns on whether the [plaintiff's] claims involve negligence for acts from the State agency's exercise of *discretionary, administrative policy-making*." *Id.* (emphasis added).

WVRJCA is a state agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act. *See Lavender v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. CIV. A. 3:06-1032, 2008 WL 313957, at *8-9 (S.D. W. Va. Feb. 4, 2008). The stated purpose of the Act is "to limit liability of *political subdivisions* and provide immunity to *political subdivisions* . . . ." W. Va. Code Ann. § 29-12A-1 (West) (emphasis added). In its definitions sections, the Act clarifies, "'State' means the state of West Virginia, including, but not limited to . . . all elected state officers, and all departments, boards, offices, commissions, agencies . . . institutions, and other

_____

[23] The Court notes that no party has asserted insurance coverage of the WVRJCFA which waives immunity.

instrumentalities of the state of West Virginia. *'State' does not include political subdivisions*." W. Va. Code Ann. § 29-12A-3 (West) (emphasis added).

Plaintiff claims negligent hiring, retention, staffing, "failure to train," "failure to properly supervise," failure to intervene to protect Plaintiff, failure to "provide a reasonably safe facility," "failure to take reasonable measures to prevent the unlawful conduct of" Defendant C.O.s, grossly negligent maintenance of WRJ, and grossly negligent behavior in "allowing the placement" of Plaintiff at WRJ "in the presence of" Defendant C.O.s.[24] The Court concludes that, as in *Hess*, Plaintiff's negligence claims "*may have* stemmed from administrative, policy-making acts"—or they may have not. 705 S.E.2d at 130 (emphasis in original). They *could* have merely been the result of omissions to act, a failure to decide or to even be aware of the problem. *See id.* More facts must be ascertained to determine the root cause of these claims. Thus, none of Plaintiff's negligence claims can be dismissed under qualified immunity at this time.

## IV. Conclusion

For the reasons stated above, the Motion to Dismiss (ECF No. 5) of Defendants WVRJCFA and Defendant C.O.s in their official capacities is **GRANTED in part** and **DENIED in part**. The Court dismisses claims 1-6 (as alleged on page 1 and in ¶¶ 12, 22-24 and 41(e) of the Complaint) against Defendant WVRJCFA and Defendant C.O.s in their official capacities. The Court further dismisses claims 18-19 (as alleged in ¶¶ 33(a)-(b) and 41(c) of the Complaint), 22 (as alleged in ¶¶ 33(f) and 41(c) of the Complaint), 23 (as alleged in ¶¶ 33(g) and 41(c) of the Complaint), and 26 (as alleged in ¶ 41(c) of the Complaint) in their entirety.

---

[24] The Court notes that both Plaintiff and Defendants treat allegations of gross negligence as allegations of mere negligence in their filings on this Motion. Given that the Court had to sift through the Complaint to determine Plaintiff's claims and that Plaintiff apparently meant gross negligence claims to be mere negligence claims, the Court treats any gross negligence claims as mere negligence claims as well.

The Court reserves judgment regarding claims 27-30 and **DIRECTS** Plaintiff to file a Supplemental Response to Defendants' Motion to Dismiss which clearly lays out each of the four claims under the West Virginia Constitution on which the Court has not yet ruled (claims 27-30), the precise source for each claim in the West Virginia Constitution, relevant case law supporting each claim, and argument connecting the case law to Plaintiff's case. This Supplemental Response is due within 14 days of the date of this Order. No extensions will be granted. Defendants may file a Supplemental Reply within 7 days of Plaintiff's filing.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        October 11, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE