## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**TRISTAN WOOD,**

      **Plaintiff,**

**v.**                                                                 **Case No.:  3:13-cv-21079**


**C.O. HARSHBARGER, individually and his official capacity;**
**C.O. RAINES, individually and his official capacity;**
**C.O. MCCOMAS, individually and his official capacity;**
**C.O. RYDER, individually and his official capacity;**
**C.O. FRANKLIN, individually and his official capacity;**
**C.O. WILLIAMS, individually and his official capacity;**
**C.O. FARRELL, individually and his official capacity;**
**The WEST VIRGINIA REGIONAL JAIL and CORRECTIONAL**
**FACILITY AUTHORITY, an agency of the**
**State of West Virginia; and JOHN DOE,**
**unknown person or persons,**

      **Defendants.**


### MEMORANDUM OPINION

On July 3, 2014, the Court granted Plaintiff's motion to compel the discovery deposition of Joe DeLong and denied the West Virginia Regional Jail and Correctional Facility Authority's motion for a protective order precluding Mr. DeLong's deposition. This memorandum opinion provides the Court's reasons for those rulings.

### I.    Relevant Facts

The instant civil action arises from three beatings allegedly suffered by Plaintiff at the hands of correctional officers when Plaintiff was incarcerated at the Western Regional Jail in Barboursville, West Virginia.  Plaintiff claims that one of the beatings

was so severe he suffered a broken jaw, nerve damage, a split mandible, and other related injuries requiring surgery, hospitalization, and a two-month stay on the Jail's medical unit. Plaintiff contends that inhumane treatment of inmates by correctional officers has been an ongoing problem at the Western Regional Jail since it opened, and the pattern and practice of physical abuse is both known to and tacitly approved by the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"). Plaintiff alleges various causes of action in his complaint, including a conspiracy among the defendants to allow the physical abuse of inmates and to conceal misconduct by the Jail's correctional officers.

During the course of discovery, Plaintiff requested the deposition of Joe DeLong, Executive Director of Defendant, the WVRJCFA, the government agency responsible for operation of the Western Regional Jail. According to Plaintiff, Mr. DeLong's deposition was necessary in view of his statements to a legislative oversight committee about a "buddy system" at the Western Regional Jail that covered up misconduct by correctional officers. In addition to providing information about a potential conspiracy among Jail personnel to hide incidents of impropriety, including the physical abuse of inmates, Mr. DeLong apparently supplied details about two specific inmate beatings. Plaintiff believed that he was the recipient of one of those beatings.

Defendant WVRJCFA refused to produce Mr. DeLong for deposition and filed a motion for a protective order under Federal Rule of Civil Procedure 26(c). In support of its motion, the WVRJCFA argued that Mr. DeLong was a high-ranking government official with no personal knowledge of the facts of this case. Mr. DeLong submitted an affidavit confirming that he had no knowledge of Plaintiff's case. (ECF No. 41-1). He denied that Plaintiff was one of the two inmates whose beatings were discussed at the

2

legislative oversight committee, and he denied knowledge of any cover-up involving Plaintiff.  Defendant argued that both federal law and West Virginia law recognize that, absent extraordinary circumstances necessary to prevent injustice, highly placed government officials should not be forced to participate in the discovery process. In Defendant's view, Plaintiff failed to demonstrate extraordinary circumstances necessary to prevent injustice. Therefore, Mr. DeLong should be granted protection from a deposition.

## II.    Relevant Legal Principles

In general, a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense ... if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, information is relevant, and thus discoverable, if it "'bears on, or ... reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined ... [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted).

Simply because information is discoverable under Federal Rule of Civil Procedure 26(b)(1), however, "does not mean that discovery must be had." *Schaaf v. SmithKline Beecham Corp,* 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). Federal Rule of Civil Procedure 26(b)(2)(C) allows the court, with or without a motion, to limit the frequency and extent of discovery

3

when (1) "the discovery sought is unreasonably cumulative or duplicative;" (2) "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (3) the party seeking the discovery has already had ample opportunity to collect the requested information; or (4) the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)((i)-(iii). This rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch Recovery Management, Inc.,* 285 F.R.D. 350, 355 (D. Md. 2012) (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D. Md. 2010)).

In addition, under Federal Rule of Civil Procedure 26(c), discovery may be restricted or prohibited when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. An order under Rule 26(c) issues upon a showing of good cause made in relation to a motion asserted by the person or party opposing the discovery. The moving party carries the burden of demonstrating the need for protection. To prevail on the grounds of burdensomeness, oppression, or breadth, the opposing party must do more to carry its burden than simply make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D.Kan. 2005) (the party opposing discovery on the ground of burdensomeness must

4

submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla.2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

Under Rules 26(b)(2)(C) and 26(c), "the court has broad authority to limit discovery and prescribe alternative discovery mechanisms," *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D.Md. 2009); in other words, to determine "when a protective order is appropriate and what degree of protection is required." *Furlow v. United States,* 55 F.Supp.2d 360, 366 (D.Md.1999) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Nevertheless, protective orders "should be sparingly used and cautiously granted." *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D.Md.2006) (quoting *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C.1987)). A court's customary reluctance to constrain discovery is heightened in the case of a motion seeking to prevent the taking of a deposition. *Minter,* 258 F.R.D. at 125 (citing *Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431, 434 (M.D.N.C. 2001))("By requesting the Court to prohibit plaintiff from deposing a witness, defendant … assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances."). The reason for this is fundamental. Usually, the subject matter of a deposition is not well-defined in advance; thus, the need for prospective relief is more difficult to establish than in other methods of discovery. In addition, "a motion can be

5

made if any need for protection emerges during the course of the examination;" therefore, a ruling prior to commencement of the deposition is not necessary to achieve a fair resolution. 8 Wright & Miller, *Federal Practice and Procedure,* § 2037 (3d Ed.). Consequently, the burden to show good cause for an order prohibiting the taking of a deposition is especially heavy. *Medlin,* 113 F.R.D. at 653; *Motsinger v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.")

However, the Supreme Court of the United States has created an exception to this rule in the case of high-ranking government officials. *United States v. Morgan,* 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed.2d 1429 (1941). In *Morgan*, the Supreme Court addressed the potential burden that litigation could place on individuals in government positions. Fearing that discovery obligations would consume the time high-ranking officials would otherwise spend on government service, the Court determined that these officials needed protection; particularly, when they had no personal knowledge of the facts giving rise to the litigation. Accordingly, under the *Morgan* doctrine, the deposition of a high-ranking government official generally cannot be taken unless extraordinary circumstances are shown, or the official has personal knowledge essential to the case. *Simplex Time Recorder Co. v. Sec'y of Labor,* 766 F.2d 575, 586 (D.C.Cir. 1985) ("[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."); *Sherrod v. Breitbart,* --- F.R.D.---, 2014 WL 2580624, at 2 (D.C.Cir.  June 9, 2014) ("High-ranking officials may be subject to depositions if 'they have *some* personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere.'") (quoting *Payne v. District of Columbia,* 859 F.Supp.2d 125, 136

6

(D.C.Cir. 2012)); *see, also, Warzon v. Drew,* 155 F.R.D. 183, 185 (E.D.Wis 1994) ("Before the involuntary depositions of high ranking government officials will be permitted, the party seeking the depositions must demonstrate that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case. In addition, the evidence must not be available through an alternative source or via less burdensome means.") The burdens on the government official and the chilling effect potential discovery will have on the desire to engage in government service must be weighed against the parties' needs to develop and prepare their cases. *Sherrod,* 2014 WL 2580624, at 3.

## IV.  <u>Discussion</u>

Plaintiff does not dispute that Mr. DeLong is a high-ranking official. Therefore, he should not have to sit for a deposition unless he has personal knowledge about an essential matter, and "there is no alternative source for the information or less burdensome means" by which to obtain it. *Martin v. California Department of Veterans Affairs,* Case No. 22334DFLGGH, 2005 WL 2030565 (E.D.Cal. Aug. 23, 2005). Plaintiff has the burden of showing that the deposition is justified.

In this case, Plaintiff seeks to depose Mr. DeLong about statements he made to a legislative oversight committee in 2012 about problems at the Western Regional Jail, including his personal concerns about a "buddy system" among the personnel at the Jail. Along with his statements about the buddy system, Mr. DeLong discussed two specific incidents in which inmates were beaten by correctional officers thus tying the "buddy system" to the abuse of inmates. The statements suggested that Mr. DeLong had knowledge of both prisoner abuses and the buddy system, although the source and extent of the knowledge was unclear from the statements. Plaintiff alleges that he was

maliciously beaten by correctional officers at the Western Regional Jail in 2011 and 2012; that there was a conspiracy among the personnel at the Jail that allowed the beatings to take place and continue, and prevented the perpetrators from being punished; and that the WVRJCFA was aware of and tacitly approved of the abuse and the buddy system at the Western Regional Jail. Although Plaintiff has not established that Mr. DeLong has personal knowledge of his particular beatings, Plaintiff has made a showing that Mr. DeLong has knowledge about a matter of great relevance to the case. Additionally, Plaintiff argues that Mr. DeLong's knowledge is essential to his case, a contention that Defendant WVRJCFA does not dispute. Plaintiff asserts that Mr. DeLong may be the only witness he can offer to establish his conspiracy theory.

Even if true, however, Plaintiff must demonstrate that the information sought cannot be obtained through other less burdensome methods of discovery. *Warzon,* 155 F.R.D. at 185. Defendant suggests that Plaintiff could schedule a Rule 30(b)(6) deposition; however, Plaintiff seeks to discover the information known to Mr. DeLong that formed the basis of his statements to the committee and that informed what Mr. DeLong described as his "greater concern" of the buddy system at the Western Regional Jail. Accordingly, Plaintiff wants to know what information was so troubling to Mr. DeLong in 2012, not necessarily the position of the WVRJCFA. In an effort to determine whether Mr. DeLong's comments could be put into a factual context without the necessity of his deposition, the parties attempted to obtain a transcript or recording of the entire statement made to the oversight committee, but no transcript or recording was available. Therefore, in view of the upcoming discovery deadline, no other less burdensome method of discovery appears to be available.

Defendant proposed that the Court used the test promulgated by the Supreme

Court of Appeals of West Virginia in *State ex. rel Paige v. Canady*, 475 S.E.2d 154 (W.Va. 1996) when weighing the necessity of deposing Mr. DeLong. In *Paige,* the Court held that the following four factors should be considered:

> (1) the substantiality of the case in which the deposition is requested;
>
> (2) the degree to which the witness has first-hand knowledge or direct involvement;
>
> (3) the probable length of the deposition and the effect on government business if the official must attend the deposition; and
>
> (4) whether less onerous discovery procedures provide the information sought.

*Id.* at Syl. Pt. 4. Considering the first factor, Plaintiff indicates that the deposition will be taken for use in three similar cases; the instant action and two cases pending in state court. All three cases involve claims of inmate beatings at the hands of correctional officers at the Western Regional Jail. As the undersigned noted during oral argument, multiple cases are currently pending in which former inmates at the Western Regional Jail claim to have been subjected to brutal and unwarranted beatings by correctional officers at that facility. Some also allege a conspiracy. According to newspaper reports, several officers at the Western Regional Jail were terminated due to the excessive use of force. Certainly, then, there are substantial issues underlying the cases for which the deposition will be taken, and the deposition may be used in other cases.

As far of Mr. DeLong's direct involvement and first-hand knowledge, the record is not entirely clear. Although it does not appear that Mr. DeLong had direct involvement in Plaintiff's case, he may have direct involvement in inmate grievances, in the investigations about which he made statements, and he may have first-hand knowledge about investigations into the "buddy system" at Western Regional Jail. He certainly has

first-hand knowledge about his statements to the oversight committee and the sources of his information.

In order to ensure that the deposition is not unduly burdensome, the length of the deposition will be limited to ninety minutes. Moreover, the deposition should be scheduled at a time and place convenient to Mr. DeLong as long as it is held within the deadline for discovery.

Finally, as discussed previously, at this point in the discovery process, there does not appear to be a less onerous method of discovery available to obtain the requested information. The few statements attributable to Mr. DeLong suggest that he had knowledge of a buddy system at the Western Regional Jail that concerned him and that was associated with episodes of prisoner abuse. Unfortunately, other portions of the record that might give context to those statements and prevent the necessity of a deposition do not exist. Without the deposition, Plaintiff will be precluded from discovering what evidence Mr. DeLong had of a conspiracy at the Western Regional Jail, which is essential to one of Plaintiff's stated claims. For these reason, a limited deposition appears justified and not unduly burdensome.

The Clerk is instructed to provide a copy of this order to counsel of record and any unrepresented party.

**ENTERED:**  July 7, 2014

Cheryl A. Eifert
United States Magistrate Judge

10